## Harroch v. Lessing

*Edward T. Lawlor Jr.,* for plaintiff.
*Kristine Hughey,* for defendant.

KOUDELIS, *J.,* June 28, 1991—This is an appeal from the court's order of February 27, 1991, following a hearing on the petition of appellants, Harrochs, to quiet title on premises 41 East Langhorne Avenue, Havertown, Delaware County, Pennsylvania. That part of the order appealed from states that "all funds presently in escrow shall remain in escrow and no withdrawals shall be made therefrom, except upon further order of the court." By earlier order, dated November 20, 1990, the court ordered that "$11,246.22 from the proceeds of the sale of the property above shall be held in escrow pending a final resolution of the remaining issues in this matter."

The history of the case is as follows: Appellant filed a complaint to quiet title on the property on July 24, 1990. The complaint was served on appellee and appellee responded with an answer and new matter/counterclaim. Appellants filed a reply to the new matter and counterclaim and shortly thereafter filed their petition to quiet title.

On November 11, 1990, hearing was held before the court on the issues raised. Thereafter, on November 28, 1990, the court's first order was filed decreeing that the Delaware County Recorder of Deeds record the deed to the property in its present form (without the signature of Patricia Lessing being notarized); that settlement on the property shall proceed on November 30, 1990; and that proceeds of the settlement shall be retained in escrow pending further order of the court. Subsequent thereto, the first order was amended so that only $11,246.22 from the proceeds was required to be held in escrow (the amount in dispute was stipulated to by both parties to the action).

Thereafter, further hearing was held and on February 27, 1991, the court's final order was filed decreeing in brief:

(1) Appellee's request to accelerate the promissory note of September 1, 1986 was denied;

(2) Appellee's request to be paid $150 monthly interest payment on the note was denied, it appearing that appellants had filed a separate lawsuit for money damages in connection therewith;

(3) Case was transferred to the law side of the court and consolidated with appellants' action for money damages;

(4) All funds then in escrow were ordered to remain in escrow.

It is the fourth section of the order that is the basis for this appeal, notice of which was filed on April 1, 1991. As ordered by the court, appellants filed a concise statement of matters complained of on appeal on April 17, 1991.

The issues raised on appeal are: (1) whether the court can order the escrow of the proceeds from the sale of the property; and, (2) whether it may do so when a request for such relief was not contained in the appellee's counterclaim.

The court finds that it can escrow the proceeds from the sale of the property in both instances and has done so by its order.

## FACTS

The property was owned by Robert and Patricia Lessing. Robert Lessing is the brother of appellant Mona Lessing Harroch. The appellants reside in California. On September 1, 1986, the Lessings transferred the property to appellants in exchange for $10,000 in cash, an $18,000 promissory note (due September 1, 1993), and $150 a month to cover interest on the promissory note. The Lessings remained in residence on the property until their separation in July 1988. They paid $750 a month rent to the Harrochs.

Robert and Patricia Lessing were separated on July 9, 1988, and a final divorce order was signed on October 18, 1990. The equitable distribution master awarded Patricia Lessing the payments of $150 per month for a term of 31 months or until the expiration of the promissory note term. The payments to the appellee stopped in July 1988. After the divorce, the appellants contracted to sell the property, and this action was commenced because the signature of the appellee on the deed delivered in 1986 was not properly notarized. Appellee had refused to give a notarized signature when appellants sought to record the deed prior to the sale to a third party.

## DISCUSSION

The issue is whether the court can order the proceeds from the sale of the property be held in escrow, despite the fact that the appellee did not ask for such relief in her counterclaim. There does not appear to be a standard of review for the court to follow in determining the issues.

Although the court has found no cases directly on point, there are two cases that do address the question of depositing funds in court, or escrowing funds until the determination of legal issues. In *Pugh v. Holmes,* 486 Pa. 272, 405 A.2d 897 (1979), the Supreme Court responded to the question of whether or not funds at issue in a landlord/tenant matter may or should be deposited with the court pending the determination of the underlying issues between the landlord and the tenant. The court first finds that there is no statute specifically dealing with the question of escrowing landlord/tenant monies. Thereafter, the court stated, "This court is in favor of an escrow procedure, but is not inclined to make such procedure mandatory. Rather, the decision whether a tenant should deposit all or some of the unpaid rents into escrow should lie in the sound discretion of the trial judge or magistrate."

In a typical landlord/tenant case, the landlord may allege that the tenant should be evicted for nonpayment of rent. On the other hand, the tenant may allege that the landlord has breached the implied warranty of habitability. The tenant would withhold rent in order to encourage the landlord to voluntarily correct the conditions causing the uninhabitability. The court stated that in a case in which damages are requested by one

side, the trial judge or magistrate is allowed, within his sound discretion, the decision on whether or not the tenant stakeholder should deposit all or some of the unpaid rents into escrow.

Similarly, in the case at bar, the court in its discretion has determined that the disputed money resulting from the sale of the property should be held or protected in court because the appellant has a pending matter in the Delaware County Court of Common Pleas. Appellants' pending action is for damages to the property.

However, the appellee also seeks, in the pending action, the $150 per month awarded to her in the divorce action that is still payable on the promissory note. It would seem to this court that, in view of the outstanding damage action, the remaining monies resulting from the sale of the premises should be held by the court until the determination of that action. It is clear to the court, after reading the *Pugh* case and using its common-sense approach, that it can order the escrow of the proceeds from the sale of the property that are still subject to dispute as an ancillary matter in deciding the petition to quiet title.

Further, the appellant raises a second question on appeal of "whether the proceeds can be ordered in escrow when a request for such relief was not contained in the appellee's counterclaim." Again, there is very little legal authority or precedent available for determining this issue. However, the Superior Court found in *Shellhamer v. Grey,* 359 Pa. Super. 499, 519 A.2d 462 (1986), that "[t]he granting of interpleader is within the court's sound discretion and it may in proper cases

direct the writ to issue sua sponte." In the *Shellhamer* case, it was a question of a non-party insurance company wishing to place the proceeds of an insurance policy into court escrow to stop the running of interest payments while the remainder of the case was determined. It was found that the insurance company was not eligible to become an interpleader under Rule 2301, Pa.R.C.P., because at law only a party may invoke that rule. The court then found that "the stakeholder proceeding in equity, who is not a defendant in a pending action may interplead by filing a complaint naming the rival claimants as defendants.... An automobile insurance company ... not a defendant ... was permitted to resort to equitable interpleader to achieve its ends."

The court went further in the *Shellhamer* case where it stated "a court 'may in proper cases direct the writ [of interpleader] to issue sua sponte.'" The Superior Court in *Shellhamer* refers to *Nationwide Insurance v. Ansel,* 30 Fayette L.J. 16 (1967), which grants the court the authority to sua sponte direct a writ of interpleader regarding a questioned fund. This grant sets a final requirement that the court must determine before the court may sua sponte order the escrow. That requirement is that the payment of the funds into escrow not appear to be prejudicial to the rights of either party. In the case at bar, the currently outstanding escrow amount is $11,246.22. The original funds held in escrow were the entire proceeds of the sale. Subsequent thereto, both appellant and appellee came to an agreement on the correct distribution of all of the funds except the final $11,246.22. That amount will be determined in the law side of the court in which the damage suit is pending. There is no prejudice to either

party alleged nor is there prejudice apparent, from the continued escrowing of those funds by the court pending the resolution of the legal suit.

The *Pugh* case recognizes the authority of this court to order into escrow the remaining proceeds from the sale of the property in question pending the settlement or decision of the legal cases.

The *Shellhamer* case gives the court the right to sua sponte mold a remedy in equity that makes sense, that does not prejudice either party, and that is equitably desirable, despite the fact that the appellee did not ask for such relief in her counterclaim. That the appellant has an outstanding suit at law against the appellee for damages, and that the appellee seeks payment on the promissory note, justify, in this court's opinion, the sua sponte escrowing of the remaining funds.

## DISPOSITION

Based on the petition, answer, and counterclaim and answer to the counterclaim, the record of the court in this case, and the testimony taken at hearing dated November 11, 1990, the court's subsequent orders and the parties' subsequent stipulations, and further hearing held February 12, 1991, the court ordered that the remaining proceeds from the sale of the property be held in escrow pending the determination of the appellants' outstanding damage action and the appellee's claim thereto. In the court's opinion, that resolution represents a fair balancing of the equities despite the fact that the appellee did not ask for such relief in her counterclaim.